# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

**DAVID AMBARTSUMYAN**,
Plaintiff,
v.
**CITY OF NEWARK**,
Defendant.

Civil Action No.: _____

**COMPLAINT AND JURY DEMAND**

Plaintiff **David Ambartsumyan** ("Plaintiff"), by and through his attorney **Jared Geist, Esq. of Geist Law LLC**, alleges against Defendant **City of Newark** ("Defendant" or "Newark") as follows:

---

# I. JURISDICTION AND VENUE

1. This action arises under federal law, including but not limited to:

   a. 42 U.S.C. § 1983 (retaliation and deprivation of rights under color of state law),

   b. 42 U.S.C. § 1981 (interference with the right to make and enforce contracts),

   c. The First Amendment to the U.S. Constitution (retaliation for protected advocacy), and

   d. The New Jersey Conscientious Employee Protection Act ("CEPA") and/or common-law whistleblower retaliation principles.

2. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**.

3. Venue is proper in the District of New Jersey under **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred within this District and Defendant is located within this District.

## II. PARTIES

4.  Plaintiff **David Ambartsumyan** is an individual residing in the State of New Jersey. He is the owner of **Affirmative Transportation LLC**, a company that provides snow-removal services.

5.  Defendant **City of Newark** is a municipal entity organized under the laws of the State of New Jersey and is responsible for the acts of its officials, departments, employees, and agents.

## III. FACTUAL ALLEGATIONS

6.  Plaintiff owns and operates **Affirmative Transportation LLC**, which has held snow-removal contracts with the City of Newark.

7.  In conjunction with this municipal work, Plaintiff operates several trucks used to perform snow-removal functions for Defendant.

8.  On multiple dates in 2024, while performing his contractual duties, Plaintiff parked his snow-removal vehicles in restricted areas of Newark streets with the express knowledge and permission of Newark officials.

9.  Unknown to Plaintiff at the time, Newark officials issued several parking tickets for these vehicles even though they were operating under municipal authorization.

10. The tickets contained incorrect vehicle descriptions, though they listed Plaintiff's license plates.

11. None of the tickets were physically placed on the vehicles. Instead, they were mailed later to Plaintiff.

12. Plaintiff was then issued a court date that fell on a Saturday, a day the municipal court is closed and does not hold proceedings.

13. Through counsel, Plaintiff filed a Notice of Appearance on JEDS (New Jersey's electronic filing system) on January 16, 2025, and requested proper notice of any actual court date.

14. Plaintiff was informed that the Saturday court date was invalid and that a new date would be issued.

15. However, Newark never provided a new court date, despite Plaintiff's timely appearance through counsel.

16. Plaintiff later learned—with shock—that Newark suspended his driver's license for failure to appear at the non-existent Saturday hearing.

17. Because the court was closed that day and Newark never issued a replacement date, there was no lawful basis for suspension.

18. Plaintiff was forced to expend significant attorney's fees to have his license reinstated— fees that would not have been necessary but for Newark's wrongful actions.

19. Upon information and belief, Newark's entire course of conduct was retaliatory in nature.

20. Newark officials did not want Plaintiff to win the upcoming snow-removal bid for the following year and preferred to award the contract to individuals connected to them.

21. Newark officials previously told Plaintiff to "stop submitting bids," which Plaintiff reasonably understood as an unlawful attempt to deter him from engaging in protected competitive-bidding activity.

22. Defendant's actions constitute discriminatory, retaliatory, and intimidating conduct designed to discourage Plaintiff from participating in the public contracting process.

23. Defendant's actions violated Plaintiff's constitutional rights, contractual rights, and rights as a whistleblower, and caused Plaintiff economic harm, reputational harm, loss of business opportunities, and emotional distress.

# IV. CLAIMS FOR RELIEF

## COUNT I

**Violation of 42 U.S.C. § 1983 – Retaliation Under Color of State Law**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. Plaintiff engaged in protected activity, including speaking out against misconduct, defending his rights, filing official objections, and attempting to correct unlawful municipal practices.

26. Defendant, acting under color of law, took adverse actions against Plaintiff—including improper ticketing, issuance of an impossible court date, failure to notify him of a new date, and suspension of his license.

27. These actions were taken in retaliation for Plaintiff's protected speech and advocacy.

28. Defendant's retaliatory conduct violated Plaintiff's constitutional rights, entitling him to damages under § 1983.

# COUNT II

**Violation of 42 U.S.C. § 1981 – Interference With the Right to Make and Enforce Contracts**

29. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

30. Plaintiff has a right to compete fairly in the public procurement process and to enforce his snow-removal contracts.

31. Defendant interfered with Plaintiff's ability to maintain and pursue public contracts, including future snow-removal bids, by engaging in discriminatory and retaliatory conduct.

32. Such conduct is unlawful under § 1981.

# COUNT III

**Whistleblower Retaliation (CEPA and/or Federal Retaliation Principles)**

33. Plaintiff repeats and realleges the foregoing paragraphs.

34. Plaintiff objected to and disclosed what he reasonably believed to be unlawful, fraudulent, or retaliatory municipal conduct.

35. Defendant retaliated against Plaintiff for engaging in whistleblowing.

36. As a result, Plaintiff suffered damages including loss of business opportunities, expenses, attorney's fees, and reputational harm.

# COUNT IV

**Negligence**

37. Plaintiff repeats and realleges the foregoing paragraphs.

38. Defendant's employees and officials had a duty to act with reasonable care in issuing tickets, assigning court dates, and administering municipal processes.

39. Defendant breached this duty by:

   a. Issuing improper and inaccurate tickets;

   b. Assigning an impossible Saturday court date;

   c. Failing to provide a replacement date;

   d. Wrongfully suspending Plaintiff's license.

40. Defendant's negligence directly caused Plaintiff damages.

# COUNT V

**Intentional Interference With Prospective Economic Advantage**

41. Plaintiff repeats and realleges the foregoing paragraphs.

42. Plaintiff reasonably expected to continue competing for snow-removal contracts with Newark.

43. Defendant intentionally interfered with that expectancy through retaliatory and discriminatory conduct.

44. Defendant's actions caused Plaintiff economic loss and damage to his business prospects.

# V. DAMAGES

45. As a direct and proximate result of Defendant's actions, Plaintiff suffered:

   a. Economic damages and out-of-pocket losses;

   b. Attorney's fees and litigation expenses;

   c. Lost business opportunities;

   d. Reputational harm;

   e. Emotional distress; and

   f. Continuing and future damages.

# VI. JURY DEMAND

46. Plaintiff demands a trial by jury on all issues so triable.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, awarding:

A. Compensatory damages;

B. Consequential and economic damages;

C. Punitive damages where permitted by law;

D. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable statutes;

E. Injunctive relief preventing further retaliation and discrimination;

F. Such other relief as the Court deems just and proper.

Respectfully submitted,
**GEIST LAW LLC**
By: */s/ Jared Geist, Esq.*
Jared Geist, Esq.